UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EHSAN MATOORI BERIMIASL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PAMELA J. BONDI <br> Attorney General, *et al.*, <br><br> Defendants. | Civil No. 24-cv-3284 (APM) |

### MEMORANDUM OPINION

Plaintiff Ehsan Matoori Berimiasl is a U.S. citizen who seeks immigrant visas for his parents, Plaintiffs Ahmad Matoori Berimiasl and Kobra Alaleh ("Parent Applicants"). Compl., ECF No. 1, ¶¶ 1–2. A consular officer at the U.S. Embassy in Frankfurt, Germany, interviewed the Parent Applicants on June 5, 2023, but they were advised "that their visa applications had been placed in administrative processing under Section 221(g) of the Immigration and Nationality Act (INA)." *Id.* ¶¶ 9–10. As of November 20, 2024, the date on which Plaintiffs filed suit, their visa applications remained in administrative processing and were classified as "refused." *Id.* ¶¶ 12–13 (alleging that the present status of Plaintiffs' applications, as reported on the State Department's website, is "refused for administrative processing"). Plaintiffs assert various claims, but at the heart of each is the contention that Defendants have failed to timely deliver a final adjudication of their visa applications. *See id.* at 9–18 (asserting claims under Sections 555(b), 706(1), and 706(2) of the Administrative Procedure Act (APA) and the Mandamus Act). They ask the court to issue an order compelling Defendants to act on their applications. *See id.* at 18.

The court cannot do so. The D.C. Circuit in *Karimova v. Abate*, No. 23-cv-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024), held that Section 555(b) of the APA does not place a "crystal-clear legal duty" on a consular officer to act on a visa application that, as here, is refused and placed in administrative processing. *See id.* at *3–4 (quoting *In re Center for Biological Diversity*, 53 F.4th 665, 670 (D.C. Cir. 2022)); Compl. ¶ 13. Plaintiffs identify no source of law other than § 555(b) for a "crystal-clear legal duty," *see* Compl. ¶ 1 (alleging that "[t]he adjudication of an immigrant visa application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. § 555(b)"), and without one, they cannot maintain a claim to compel agency action or for mandamus relief. *See In re Center for Biological Diversity*, 53 F.4th at 670 (Mandamus Act); *Montanans for Multiple Use v. Barbouletos*, 568 F.3d 225, 227 (D.C. Cir. 2009) (stating that a plaintiff must "identify a legally required, discrete act that the [agency] has failed to perform" as a "threshold requirement for a § 706 failure-to-act claim"). *Karimova* therefore requires the court to dismiss Plaintiffs' claims.

Plaintiffs counter that, because *Karimova* is unpublished, it has "little precedential authority." Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss, ECF No. 5 [hereinafter Pls.' Opp'n], at 7. The court acknowledges that some judges in this District have not followed *Karimova* for that reason, *see Aramnahad v. Rubio*, No. 24-cv-1817-MAU, 2025 WL 973483, at *6 (D.D.C. Mar. 31, 2025) (citing cases), but this court joins those that believe *Karimova*'s persuasive force cannot be so easily cast aside, *see, e.g., Pour v. Rubio*, No. 25-cv-573 (JEB), 2025 WL 2374559, at *5 (D.D.C. Aug. 14, 2025); *Rahiminejad v. Rubio*, No. 24-cv-3495 (CRC), 2025 WL 2144092, at *2 (D.D.C. July 29, 2025). Plaintiffs offer no reason why *Karimova* was wrongly decided, Pls.' Opp'n at 6–7, and they supply no basis to distinguish it from this case. Therefore, consistent

with *Karimova*, the court concludes that Plaintiffs have failed to allege the violation of a "crystal-clear legal duty" that can form the basis of their APA and Mandamus Act claims.

For the forgoing reasons, the court grants Defendants' Motion to Dismiss, ECF No. 4. A final, appealable order accompanies this Memorandum Opinion.

Dated: September 23, 2025

Amit P. Mehta
United States District Judge